IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-55,132-03 and


WR-55,132-04 





EX PARTE RAMON LOPEZ, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NUMBERS 114-1457-02A AND 114-1458-02A

IN THE 114TH DISTRICT COURT SMITH COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was charged by indictment with assault causing bodily injury to a family
member, a third degree felony. Tex. Pen. Code § 22.01(b)(2). A second indictment charged
Applicant with the first degree felony of aggravated kidnapping. Tex. Pen. Code §
20.04(b). By a separate pleading filed in both cases, the State gave notice of its intent to seek
an enhanced punishment alleging Applicant had been previously convicted of a felony in
New Jersey. 

 As the cases arose out of the same criminal episode, the trial court consolidated them
for trial. See Tex. Pen. Code § 3.02(a). The jury convicted Applicant of assault and
kidnapping, a lesser-included offense of aggravated kidnapping. The jury also found the
enhancement paragraph in each case to be true and assessed punishment at imprisonment for
fifteen years and a $10,000 fine in the assault case and imprisonment for fifteen years and
an $8,000 fine in the kidnapping case. The convictions were affirmed on direct appeal in an
unpublished opinion. Lopez v. State, Nos.12-03-00057-CR and 12-03-00058-CR (Tex.
App.--Tyler Delivered May 28, 2004, pet. ref'd).

 In this application for a writ of habeas corpus, Applicant contends that his trial
counsel was ineffective for many reasons. The State failed to provide a response, but trial
counsel provided an affidavit upon request from the court. In that affidavit, counsel
indicated that "the allegations stated by Mr. Lopez in his grounds for relief are too numerous
and varied to respond to individually. However, counsel has reviewed the said allegations[,]
grounds one (1) through thirty (30), and find[s] that the information contained therein, as the
same relates to the undersigned, all and singular, to be untrue." This conclusory response,
though, provides limited value in assisting this Court in considering Applicant's claims.

 Also, the record provided to this Court appears to by incomplete. The record in writ
number 55,132-03, cause number114-1457-02A (assault), does not contain the correct
judgment, and the nunc pro tunc judgment in the record for writ number 55,132-04, cause
number 114-1458-02A (kidnapping), appears to incorrectly state a sentence of forty years
rather than fifteen. Additionally, the record for writ number 55,132-04, cause number 114-1458-02A (kidnapping), does not contain a copy of the indictment. Last, the State's notice
of its intent to seek an enhanced punishment is not included in either record.

 Thus, while the trial court has entered findings of fact and conclusions of law, it is this
Court's opinion that additional information is needed before this Court can render a decision. 
First, the trial court is ordered to have the record supplemented with the correct indictment
and judgment in each cause, as well as with the State's notice of its intent to seek an
enhanced punishment. Second, the trial court is ordered to have trial counsel more fully
address Applicant's ineffective assistance of counsel claims. This Court is aware that
Applicant's claims are numerous, but Applicant has provided sufficient facts to warrant a
more complete response. Third, the Smith County District Attorney may also provide a
meaningful response to Applicant's claims. 

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order an affidavit from trial counsel as described above. The trial
court may also order depositions, interrogatories, or hold a hearing. In the appropriate case,
the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, and the trial court shall make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. Resolution of the issues shall be accomplished by the trial court
within 90 days of the date of this order. (1) A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition along with the trial court's supplemental findings of fact and conclusions of law
and additional documents, shall be returned to this Court within 120 days of the date of this
order. (2)




DELIVERED: MARCH 29, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.